UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Amy De Alba, individually and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br><br>   -v.-<br><br>Eastpoint Recovery Group, Inc.,<br><br>                         Defendant(s). | C.A. No: 1:22-cv-1025<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Amy De Alba (hereinafter, "Plaintiff"), an Idaho resident, brings this Class Action Complaint by and through her attorneys, against the Defendant Eastpoint Recovery Group, Inc. (hereinafter, "Defendant" or "Eastpoint"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1.    Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Defendant resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Idaho, County of Ada.

8. Defendant Eastpoint is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a principal place of business and address for process service located at 1738 Elmwood Avenue, Suite 104, Buffalo, New York 14207.

9. Upon information and belief, Defendant Eastpoint is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following Class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals to whom the Defendant Eastpoint left a collection voicemail attempting to collect a consumer debt;

   b. wherein Eastpoint failed to identify itself as a debt collector; and/or

   c. gave the impression that the voicemail could be a message from an attorney; and

   d. which voicemail was left on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, in the voicemail form described above, violate 15 U.S.C. §§ l692e and l692f.

15.     Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, in the voicemail form described above, violate 15 U.S.C. §§ l692e and l692f.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal

       issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the allegations above as if set forth here.

20. Some time prior to January 18, 2022, an obligation was allegedly incurred to the creditor, Synchrony Bank PayPal Credit ("Synchrony"), a non-party to the instant lawsuit.

21. Upon information and belief, the subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes. Specifically, for personal credit.

22. Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

23. The subject obligation is consumer-related, and is therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Upon information and belief, Synchrony contracted with the Defendant Eastpoint for the purpose of debt collection. Therefore, Defendant Eastpoint is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

25. Defendant uses the instrumentalities of interstate commerce or the mail in its business, the principal purpose of which is the collection of consumer debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violations – Collection Call Voicemail*

26. On or about January 18, 2022, Defendant left the Plaintiff a collection call voicemail ("Voicemail") regarding the debt allegedly owed to Synchrony.

27. In the Voicemail, Defendant failed to identify itself as a debt collector and gave the impression that the voicemail could be a message from an attorney.

28. Moreover, *without explanation*, Plaintiff was told in the Voicemail that there was a claim file naming her in a matter, noting her alleged failure to cooperate, threatening further action and advising concerning a deadline before a decision is rendered.

29. The Voicemail is nonsensical.

30. These Voicemail does not make sense.

31. The Voicemail was conduct the natural (and actual) consequence of which was harassment and abuse to the Plaintiff.

32.     Because of the deceptive nature of the Voicemail, Plaintiff suspected the Voicemail might be fraudulent or suspect, in whole or in part.

33.     Plaintiff was therefore unable to make payment on the debt.

34.     The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

35.     Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that she did indeed owe the debt.

36.     Defendant's conduct prevented the Plaintiff from acting in the way she would have otherwise acted had the Defendant's Voicemail not been improper.

37.     Plaintiff was unable to properly respond as it would be foolhardy for the Plaintiff to pay some or all of this debt when the Voicemail concerning same did not make sense.

38.     A debt collector's failure to identify itself is a quintessential example of an improper collection tactic that could cause a consumer to pay as a means of avoiding further harassment and abuse.

39.     The Voicemail is therefore false, deceptive, misleading, and unfair.

40.     Because of the Defendant's improper acts, Plaintiff expended time and money in determining the proper course of action.

41.     She spent this trying to mitigate harm in the form of dominion and control over her funds.

42.     She spent this trying to mitigate the harm from the Defendant's negative credit information furnishment concerning the collection, and ultimate dissemination to third parties, to the financial and reputational detriment of the Plaintiff.

43.     Defendant's improper acts caused the Plaintiff to suffer reputational harm.

44. Defendant's improper acts caused the Plaintiff to suffer emotional harm, including fear and anxiety.

45. Plaintiff's reputational and emotional harm manifested itself physically in the form of increased heartrate and restlessness.

46. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

47. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

48. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

49. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

50. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

51. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

52. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's

ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's Voicemail.

53. As described above, Plaintiff was misled to her detriment by the statements in the Voicemail, and relied on the contents of the Voicemail to her detriment.

54. As described above, Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

55. As a result of the Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

56. Plaintiff repeats the allegations above as if set forth here.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

58. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. Defendant violated §1692e as follows:

   a. by, as described above, using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of §1692e;

   b. by, as described above, making a false representation of the character and/or legal status of any debt in violation of §1692e(2)(A);

   c. by, as described above, making the false representation or implication that any individual is an attorney or that any communication is from an attorney in violation of §1692e(3);

      d. by making false and misleading representations/omissions in violation of §1692e(10); and/or

      e. by failing to identify itself as a debt collector in violation of §1692e(11)

60. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

61. Plaintiff repeats the allegations above as if set forth here.

62. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

63. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

64. Defendant violated §1692f by, as described above and without identifying itself as a debt collector while implying an attorney communication, unconscionably leaving the Plaintiff a Voicemail that there was a claim file naming her in a matter, noting her alleged failure to cooperate, threatening further action and advising concerning a deadline before a decision is rendered.

65. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

66. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Amy De Alba, individually and on behalf of all others similarly situated, demands judgment from the Defendant Eastpoint, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and undersigned as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  December 31, 2022                    Respectfully submitted,

**Stein Saks PLLC**

/s/ Tamir Saland
By:  Tamir Saland, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 102
Fax: (201) 282-6501
tsaland@SteinSaksLegal.com

*Attorneys for Plaintiff*

Case 1:22-cv-01025-JLS-LGF    Document 1    Filed 12/31/22    Page 12 of 12

1